DIXON, Chief Justice.*
The defendant, Solomon Washington, Jr., was charged by bill of information with obscenity (R.S. 14:106). The bill of information alleged that defendant exposed his genitals in a public place to one Jamie Calvert, an unmarried woman under the age of seventeen, with the intent of arousing sexual desires. After trial before a judge, defendant was found guilty as charged. The trial court sentenced the defendant to a term of two years at hard labor but suspended that sentence upon the condition that defendant serve one year in the Jefferson Parish prison. It is from this conviction and sentence that defendant appeals.
Jamie Calvert, a twelve year old girl at the time of the offense, lived in an apartment complex in Jefferson Parish. Between 5:30 and 6:00 p. m. on April 20, 1979 she was standing in the back door of her apartment watching her younger brother play football in a space or alleyway between two apartment buildings. While looking out the door, she saw a man expose his penis in another alleyway that intersected with the alley she was facing. The man was standing about forty-five feet from her in a passageway the width of the girl’s outstretched arms. There were no windows or doors along the walls of this passageway and nothing to obstruct the girl’s view of the man. When she first glanced at the man, he was standing facing her, but upon another glance she saw him holding his penis. She initially estimated that he was there for approximately two minutes but later said this time period was too long. On cross-examination she admitted that the man could have been trying to urinate, but then on re-direct examination she stated that she did not know what the word “urinate” meant and that he was not “going to the bathroom.” The girl ran, then the man ran, in opposite directions. The girl ran to the apartment of Chris Kirby, an employee of the apartment complex, while the man apparently went to a Time Saver store across the street. Some time later the girl identified defendant.
The defendant testified to the following events on the day in question. After work, as was his custom, he put on some tennis shoes and jogged about one-half mile to the Mike Miley Playground to exercise and play some basketball. At the playground he met a friend with whom he jogged for awhile. The two parted company when the defendant indicated that he was going to the Time Saver for an icee. At this point the defendant claims that he felt “pushed,” meaning that he needed to urinate. He testified that he had a weak bladder and weak kidneys from a hepatitis infection that he had been treated for by a Doctor Davis in October of 1978. He ran across to the apartment complex where Jamie Calvert lived and went into an empty passageway between two buildings. He testified that he stopped about four feet from the corner of a wall, looked around and not seeing anyone, he began to urinate. While he was urinating, he glanced and saw a girl coming down the sidewalk. He testified that as soon as he noticed her he turned away without finishing and went around the building to the Time Saver. Defendant testified that he was subsequently approached by two men and a woman who brought him back to the apartment complex where he *993 was identified by Jamie Calvert as the man in the passageway.
Defendant argues that the state failed to prove that he exposed himself “with the intent of arousing sexual desire” as required by the obscenity statute in effect in April of 1979. (This section was amended by Act 252 of 1979). Only the child Jamie and the defendant testified about the exposure. Jamie said only that when she and the defendant looked at each other (forty-five feet apart), he pulled out his penis, looked at her, and then both ran, in opposite directions. Defendant was in a fairly narrow passageway between two brick apartments with no windows and no doors opening on the passageway. Defendant testified that he stopped to urinate, saw the girl and immediately ran.
Specific intent (to arouse sexual desire) was an element of the offense of obscenity at the time of this occurrence. The trial judge in oral reasons for his judgment stated that, since defendant was facing the victim when she saw him, “the Court must find that the area of arousing sexual desire must ordinarily follow” if the court believed the testimony.
The child did not see defendant open his pants. There was no specific evidence that defendant knew the child was present. Upon discovery, defendant’s immediate flight denoted innocence, not a guilty intent. Defendant’s intent to arouse sexual desire cannot be presumed from these facts. The state relies on circumstantial evidence to prove this element of the offense. Circumstantial evidence in criminal cases must exclude every reasonable hypothesis of innocence. R.S. 15:438. Defendant’s explanation of his need to urinate is such a reasonable hypothesis.
The conviction and sentence are reversed, and defendant is ordered discharged.
EDWARDS and LEAR, JJ. ad hoc, dissent.

 Judges Remy Chiasson, Wallace A. Edwards and Elmo E. Lear of the First Circuit participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.