WILLIAMS, Judge.
Defendant, Virgil Strong, appeals his conviction and sentence for violation of La. R.S. 14:106(A)(1), obscenity, claiming that the State failed to sustain its burden of proving all of the elements of that crime. We affirm.
Officers Keen and Crespo were the only witnesses at defendant’s bench trial. They testified that on April 6, 1982, at approximately 5 P.M., they were working a plainclothes detail in City Park in New Orleans. As the officers were walking about twenty *507 feet apart in the area of Palm and Roosevelt Mall, they saw the defendant pull up, driving a white Maverick. Apparently the defendant got out of his car and began following Crespo on foot. Crespo walked over some railroad tracks into an area of trees and defendant followed, passing Crespo, and stopped. Defendant was standing between the railroad tracks and 1-610, where he would have been able to see automobiles passing and where those in passing automobiles could have seen him. When Crespo passed defendant, defendant turned around. Defendant was holding his erect penis outside of his pants, masturbating. Defendant nodded to the plainclothes officer, who then arrested defendant. Defendant made no other sexual advances to Crespo. Crespo did not have an erection; nor was he sexually stimulated.
Defendant was found guilty after a bench trial and subsequently sentenced to six months in Parish Prison, suspended; was fined $250.00; and was placed on eighteen months active probation on the condition he obtain psychological counseling.
Defendant argues before this court that the State failed to prove an intent to arouse the sexual desire of another and that, therefore, all of the elements of the crime of obscenity were not met.
La.R.S. 14:106 states in pertinent part: A. The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to public view with the intent of arousing sexual desire, or which appeals to prurient interests or is patently offensive.
Defendant was charged with committing obscenity by exposing his genitals in a public place or a place open to public view with the intent of arousing sexual desire. Defendant does not deny the fact that Crespo saw defendant’s exposed penis or that defendant exposed himself in a public park in view of passing automobiles on the Interstate Highway. Rather, defendant maintains that “the state only proved that the defendant sexually stimulated himself” and, therefore, failed in proving the third element, an intent to arouse the sexual desire of another.
The Louisiana Supreme Court has very clearly stated in State v. Walters, 440 So.2d 115 (La.1983), that “[t]he statute requires the state to prove that the offender acted with a specific intent to arouse sexual desire, either of the actor or of the viewer ” (emphasis added).
Defendant was clearly acting with an intent to arouse his own sexual desire. He had an erection and was masturbating. This was far from the case in which a man urinating in what he believes is a private place is accidentally spotted by a passer-by. See State v. Washington, 412 So.2d 991 (La.1982).
The fact that defendant followed Crespo for some time in his car and then on foot, turned toward Crespo when the officer approached him so that Crespo could see defendant masturbating, catching Crespo’s eye and nodding to him, demonstrates that defendant’s intent was not solely to arouse only himself. That he could have done without actively seeking out a viewer for his performance. However, defendant’s intent-to arouse his own sexual desire is sufficient to prove the third element of the crime of obscenity.
After viewing the evidence presented at trial in the light most favorable to the prosecution, we find that the State has proved the essential elements of the crime of obscenity beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Graham, 422 So.2d 123 (La.1982).
For the foregoing reasons defendant’s conviction and sentence are AFFIRMED.
AFFIRMED.