WILLIAMS, Judge.
Defendant William M. Wilkinson appeals his conviction by a jury of attempted obscenity in violation of La.R.S. 14:27 (attempt).
On June 23, 1983, Paul Landry of the New Orleans Police Department viewed a film at the French Quarter Theatre. The projectionist was Andrew Newman, who is not a defendant in these proceedings. On the basis of his observations, Landry obtained a search warrant for the film and returned to the theater the following evening, accompanied by Detective William Derbyshire. Defendant was the cashier and projectionist at the time. The policemen identified themselves and gave defendant a copy of the warrant. All of the theater’s patrons were asked to leave. At the time the officers entered the theatre, a movie other than the one described in the search warrant was being shown, Landry, accompanied by defendant, searched the projectionist’s booth. There were several reels of film on a table (called a “preparation” table) in the booth. Landry looked through them, found the reel he believed to be the movie he had previously seen, and asked defendant to run it on the projector. The defendant complied and was arrested for a violation of La.R.S. 14:106 when the officer determined that the film was the same.
Defendant was tried by a jury who found him guilty of attempted obscenity. He was sentenced to one year without hard labor, which was suspended and placed on two (2) years active probation. He is appealing on the ground that the state presented insufficient evidence to sustain his conviction.
The officers who arrested defendant did not see him show the film that was deter *920 mined to be obscene, nor did they see him physically attempt to show it. The only evidence presented at trial was that defendant was showing films at the same theatre in which an allegedly obscene film had been seen previously and that the obscene film was on a table in the projectionist’s booth.
Although Landry called this table a “preparation” table and implied that the film was to be shown later, this is clearly insufficient evidence to convict defendant. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There was no evidence introduced to prove that the movie was actually meant to have been shown; the theater had no marquee or advertisements indicating that the film could be seen that night.
Although intent can be inferred from a defendant’s actions, the circumstantial nature of the inference would require a rejection of reasonable hypotheses of innocence. La.R.S. 15:438; State v. Washington, 412 So.2d 991 (La.1982). In this case, it is clear that the jury could reasonably have found that the film was not to have been shown that evening, or was to have been shown or had been shown by another person. There is not enough evidence for a rational trier of fact to have concluded that defendant intended to show the film later that night.
For the foregoing reasons, defendant’s sentence and conviction are REVERSED.
REVERSED.