526 So.2d 443 (1988)
STATE of Louisiana
v.
George WOODS.
No. KA-7772.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
*444 Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before WARD and ARMSTRONG, JJ., and HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
George Woods was charged with aggravated burglary, a violation of La.R.S. 14:60. He was tried before a twelve-member jury and found guilty of simple burglary, a violation of La.R.S. 14:62. He was sentenced to serve three years at hard labor and to pay $30.00 court costs or serve an additional thirty days in default of payment.
At approximately 4:30 a.m. on July 18, 1985, George Woods entered an apartment at 8181 Lake Forest Court, New Orleans, Louisiana, where his estranged wife Sandra Woods and his three sons were living. Woods ascended the stairs to the second floor of the apartment to the bedroom of Ms. Woods and kicked in the door. Inside the bedroom were Ms. Woods and Esteban Melendaz. Both Ms. Woods and Melendaz testified that Woods entered the room brandishing two knives and threatening them. Ms. Woods grabbed a gun and chased Woods from the room and backed him down the stairwell. Melendaz called the police, and Woods left.
Ms. Woods and Melendaz both testified that Melendaz did not live with Ms. Woods and that he was present that night upon Ms. Woods' request because she was afraid Woods would somehow harm her. Ms. Woods had changed the locks three times at the apartment. Both witnesses denied having an affair at that time, although Melendaz admitted that the apartment was leased in both of their names, and both admitted that Ms. Woods subsequently moved in with Melendaz. Ms. Woods testified that at the time of the offense she and Woods were legally separated.
George Woods admitted entering the apartment that morning without permission and with the knowledge that he wasn't supposed to be there. He denied arming himself with any knives or threatening Ms. Woods and Melendaz. He contended that he entered through the front door with a key one of his sons had given him with the intention of discovering whether Melendaz really was sleeping with his wife. He maintained that he and Ms. Woods were not legally separated at the time of the offense.
Assignments of Error
By his first assignment of error, the defendant contends that the trial court erred by imposing jail time on an indigent defendant in lieu of the payment of court costs. The minute entry of March 17, 1986, indicates that the appellant was declared indigent at his arraignment. This Court has held that an indigent defendant cannot be subjected to imprisonment for a longer period of time because he cannot pay a fine or court costs. State v. Barnes, 496 So.2d 1056 (La.App. 4th Cir.1986). Thus, the portion of defendant's sentence imposing jail time in lieu of payment of court costs must be deleted.
By his second assignment of error, the appellant contends that there was insufficient evidence presented at trial to support his conviction for simple burglary. Specifically, he contends that he could not be convicted of burglarizing his wife's apartment because he and his wife were still legally married at the time of the offense and her apartment would be considered a community dwelling.
In its review of sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the appellant guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where *445 the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Cass, 514 So.2d 589 (La.App. 4th Cir.1987). "When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defendant ..., that hypothesis fails, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt." State v. Langford, 483 So.2d 979, 984 (La.1986), quoting from State v. Captville, 448 So.2d 676, 680 (La.1984). See also State v. Landry, 499 So.2d 1320 (La. App. 4th Cir.1986).
In order to support a conviction of simple burglary, the State must prove that: (1) there was an unauthorized entry; (2) the entry was made of a dwelling, vehicle, watercraft, or other structure, movable or immovable; and (3) such entry was made with the intent to commit a felony or theft therein. See La.R.S. 14:62.
Here, viewing the evidence in the light most favorable to the prosecution, Ms. Woods and Melendaz both testified that Woods entered the apartment, broke down the bedroom door, and threatened them with two knives. Thus, the State proved entry into a dwelling, and the jury could very well have inferred an intent to commit a felony (an aggravated battery) by the arming of the appellant with the two knives. However, the defendant contends that his entry was not an unauthorized entry because he and Ms. Woods were still married at that time and any apartment rented in her name would be considered to be rented for the community of the marriage, thereby giving him a right of entry into the apartment.
The only evidence produced by the State to show that the community of the marriage had been dissolved was Ms. Woods' testimony that she and Woods were legally separated at the time of the offense. As such, it does not appear that the State adequately proved that there was a termination of the community at the time of the break-in. Thus, the issues this Court must address are whether the apartment was a community dwelling and if so, whether the appellant's entry into the apartment could be considered an unauthorized entry for purposes of the simple burglary statute.
The apartment was rented in the names of Melendaz and Ms. Woods. Because the State did not prove that Woods and Ms. Woods were legally separated at that time, it must be assumed that community assets were used in the payment of at least a part of the rent on the apartment. However, the use of community assets in the payment of the rent obligation does not automatically render the obligation a community obligation. C.C. art. 2360 defines a community obligation as "[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse." C.C. art. 2363 defines a separate obligation in part as "one incurred during the existence of a community property regime though not for the common interest of the spouses or for the interest of the other spouse." Thus, it does not appear that the rental by Ms. Woods of the apartment for the sole use of herself and her children would meet the criteria of a community obligation, especially where all parties admitted that Woods did not also live there. As such, Ms. Woods' rent obligation would be her separate obligation, not an obligation of the community, and the apartment was not a "community dwelling" but instead the separate dwelling of Ms. Woods. Therefore, the appellant does not have any proprietary interest in the apartment, and as such, his entry could be deemed to have been an unauthorized entry.
Thus, because the apartment was not a "community dwelling" and as such the appellant's entry into it was an unauthorized entry, the elements of simple burglary *446 have been proven. Accordingly, defendant's conviction is affirmed. The defendant's sentence is amended to delete the provision imposing extra jail time in lieu of the payment of court costs.
CONVICTION AFFIRMED; SENTENCE AMENDED.