BOWES, Judge.
Defendant, Murphy Alio, appeals his re-sentencing. We affirm.
This court, in State v. Allo, 510 So.2d 14 (La.App. 5 Cir.1987) recited the facts of this case fully. This court upheld the defendant’s conviction, but annulled the sentence and remanded the case for resentenc-ing to remove the stipulation that the sentence be imposed without benefit of parole, probation, or suspension of sentence.
The original trial was held before Judge Zacearía, who was sitting ad hoc for Judge LeBrun. Judge LeBrun’s return to the bench, following his illness, relieved ad hoc Judge Zacearía of jurisdiction. Judge Le-Brun stated at the hearing that prior to the rehearing of this case, he read the entire record, including the opinion of this court. After becoming fully informed of all aspects of the case, Judge LeBrun resen-tenced the defendant to six months in parish prison and a $250.00 fine. It is this sentence the defendant now appeals.
Defendant presents two assignments of error:
1. The court erred in refusing to allow the original trial judge to sentence appellant.
2. The court erred in sentencing appellant by failing to follow the guidelines *665 of Art. 894.1 of the Criminal Code of Procedure.

Assignment of Error No. 1

Defendant argues that it is his belief that had Judge Zacearía been the resen-tencing judge, he would have then considered a suspended sentence since the stipulation that the sentence be imposed without benefit of parole, probation, or suspension of sentence was removed. He further argues that the failure of Judge Zacearía to resentence him has been prejudicial to him because he was sentenced by a judge who did not preside at the trial, who did not have the opportunity to view the witnesses, who merely read the facts of the case in a typed transcript, and who was predisposed to resentence him to incarceration without any consideration of a suspended sentence. We disagree.
First and foremost, the level of review described by the defendant is that which is the commonly used standard for appellate review. Appellate courts must, by their nature, refer only to the record to determine the final outcome of a case. Consequently, we find that fair and impartial opinions are developed in this manner and do not cause a predisposition in the court. Therefore, we find defendant's contention that he was prejudiced in some way by this type of review by the trial court to be without merit.
Further, the situation complained of here is specifically covered in Louisiana Law. LSA R.S. 13:4209 states:
§ 4209. Decisions by successor judge In all cases where cases are heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried should die, resign, or be removed from office, or should his term expire before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing, but if it should be a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one be found in the record, or if the parties to the suit agree upon a statement of facts, and if the testimony be not in the record, and there be no statement of facts, the case shall be tried de novo.
In addition, this court, in Zion v. Stockfieth, 501 So.2d 305 (La.App. 5 Cir.1987), addressed the issue of the authority of a successor judge to render a new judgment. In pertinent part, this court held that “The successor judge, on remand, could render a new judgment ... from the evidence in the record....”
In the instant case, the testimony has been reduced to writing, providing a clear basis for Judge LeBrun’s sentencing choice. Accordingly, we find this assignment without merit.

Assignment of Error No. 2

Appellant contends that trial courts are obligated by LSA C.Cr.P. Art. 894.1 to recite with particularity the reasons for the sentence imposed, which he claims was not done here; appellant further states that the trial court failed to comply with the sentencing guidelines of LSA C.Cr.P. Art. 894.1; and, for these reasons, the sentence should be set aside and the case remanded for resentencing.
Appellant does not argue that the sentence imposed is excessive. This court, in State v. Alio, supra, specifically held "... we find that the sentence imposed is not excessive, except that he may not be required to serve the time imposed without benefit of parole, probation or suspension.” The defendant was resentenced to the same terms originally imposed — six months in parish prison and a $250.00 fine — minus the additional requirement that the sentence be served without benefit of parole, probation or suspension.
When the sentence imposed is apparently not severe, or when the record otherwise supports the sentencing choice, a remand for more complete compliance with LSA C.Cr.P. Art. 894.1 is not necessary. State v. Hupp, 514 So.2d 271 (La.App. 5 Cir.1987); State v. Barge, 444 So.2d 735 (La.App. 5 Cir.1984); Writs denied 446 So. 2d 1229 (La.1984). In the instant case, we *666 reiterate that the sentence as imposed on resentencing is not excessive and further that the resentencing judge did provide minimal compliance with LSA C.Cr.P. Art. 894.1, which we find sufficient in view of the complete record before us.
Accordingly, the sentence as imposed upon rehearing is affirmed.
AFFIRMED.