544 So.2d 22 (1989)
STATE of Louisiana
v.
Russell A. FREEMAN.
No. 88-KA-1915.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 1989.
Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for appellee.
Roger M. Evans, New Orleans, for appellant.
Before SCHOTT, C.J., and LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
Defendant, Russell A. Freeman, was charged by bill of information with the crime of obscenity, a violation of La.R.S. 14:106(A)(3). Defendant pled not guilty. Trial was held March 23, 1987. Defendant was found guilty as charged by a six (6) member jury. Defendant filed a motion for a new trial. The motion was denied on April 23, 1987. On April 23, 1987, defendant was sentenced to pay either a fine of $1,000.00 or serve six (6) months in jail.
FACTS:
On September 5, 1986, vice squad detective Paul Landry, rented a room at the Star *23 Lite Motel located at 9419 Airline Highway in the city of New Orleans. Upon entering the motel lobby, Detective Landry was greeted by the registration clerk who was later identified as defendant. No other person was behind the registration desk or in the area. While Detective Landry was completing his registration, defendant informed him that adult movies could be viewed by tuning the television in the motel room to channel 7. Detective Landry then proceeded to his room. He turned the television to channel 7 and viewed a movie containing graphic and explicit sex acts of an obscene nature. Detective Landry took notes describing the movie. He then left and returned to the vice squad office. He prepared a search warrant for the motel and an arrest warrant for defendant. Later the warrants were authorized by the magistrate and duly executed by Detective Landry and Detective Warren Riley upon defendant.
Defendant was behind the registration desk when the warrants were executed. Behind the desk they found a T.V. monitor and video cassette equipment in addition to a number of video tapes including the movie viewed by Detective Landry entitled "Flesh and Laces". Defendant was subsequently arrested.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The trial court erred in denying his Motion for a New Trial and Motion in Arrest of Judgment based on the fact that the State failed to present any evidence of the crime charged or an essential element thereof; namely, that defendant intentionally displayed an obscene movie.
2) The trial court erred in denying his Motion for New Trial and Motion in Arrest of Judgment and oral Motion to Quash based on the fact that the offense charged is not punishable under a valid statute in that R.S. 14:106 excludes from prosecution certain individuals without valid reason and thus denies equal protection of the law to a defendant as guaranteed under U.S. Constitutional Amend. XIV(l) and La. Const. Art. 1(3), 1974.
ASSIGNMENT OF ERROR 1:
Defendant contends that there was not sufficient evidence for the jury to have found him guilty beyond a reasonable doubt. Specifically, defendant argues that the state failed to prove that defendant intentionally displayed an obscene movie.
La.R.S. 14:106(A)(3) provides:
A. The crime of obscenity is the intentional:

* * * * * *
"(3) Sale, allocation, consignment, distribution, dissemination, advertisement, exhibition, or display of obscene material, or the preparation, manufacture, publication, or printing of obscene material for sale, allocation, consignment, distribution, advertisement, exhibition, or display.
Obscene material is any tangible work or thing which the trier of fact determines (a) that the average person applying contemporary community standards would find, taken as a whole, appeals to the prurient interest, and (b) depicts or describes in a patently offensive way, hard core sexual conduct specifically defined in Paragraph (2) above, and (c) the work or thing taken as a whole lacks serious literary, artistic, political, or scientific value."
The question of sufficiency of evidence is proper for review, but depends on whether the court, after viewing the evidence in the light most favorable to the prosecution, can determine that there was sufficient evidence for the jury to have found the defendant guilty beyond a reasonable doubt on every essential element of the offense. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). When the conviction is based on circumstantial evidence, La.R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Woods, 526 So.2d 443 (La.App. 4th Cir.1988). La.R.S. 15:548 does not establish a stricter standard *24 of review, but acts merely as an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Cass, 514 So.2d 589 (La.App. 4th Cir.1987). When a case involves circumstantial evidence and the finder of fact reasonably rejects defendant's hypothesis of innocence, defendant's hypothesis fails and he is guilty unless another hypothesis raises a reasonable doubt. State v. Langford, 483 So.2d 979 (La.1986); State v. Captville, 448 So.2d 676 (La.1984); State v. Woods, supra.
Defendant asserts that there was no proof that he was the person who displayed the movie. The jury reasonably rejected this hypothesis of innocence. No other hypothesis creates reasonable doubt. Although there was no direct evidence that defendant showed the movie, the circumstantial evidence is most favorable to the prosecution. Defendant was the only person behind the registration desk and in the area when Detective Landry registered. Defendant informed Detective Landry that he could view adult movies on channel 7. The equipment used to show the movie as well as the movie were found behind the desk where defendant was working.[1]
Thus considering the evidence in the light most favorable to the prosecution to the exclusion of every reasonable hypothesis of innocence, a reasonable trier of fact could have concluded that defendant was guilty beyond a reasonable doubt.
When a motion for a new trial is based on the assertion that the verdict is contrary to the law and the evidence, the appellate court is limited to the question of whether the trial judge has properly exercised his wide discretion. C. Cr.P. Art. 851(1); State v. Caminita, 411 So.2d 13 (La.1982); State v. Turner, 365 So.2d 1352 (La.1978). We have already determined that the state presented adequate evidence by which the jury could find defendant guilty beyond a reasonable doubt.
This assignment of error is without merit.
ASSIGNMENT OP ERROR 2:
This Court has addressed this issue in State v. Louisiana Toy Co., 483 So.2d 1264 (La.App. 4th Cir.1986), writ den. 488 So.2d 686:
"In State v. Luck, 353 So.2d 225 (La. 1977), the Louisiana Supreme Court held R.S. 14:106D unconstitutional as a violation of equal protection. The Court concluded however that the provisions could be severed from the statute as a whole and thereby upheld the constitutionality of the obscenity statute. Despite the Luck decision, however, the Louisiana Legislature re-enacted the obscenity statute in 1983 without amending Subsection D and even expanded the exemption by adding movie projectionists to the list. Moreover, the Legislature omitted from the amendment the separability clause which had saved the statute's constitutionality on the Luck case. 353 So.2d at 233.
The Legislature's determined efforts to provide exemptions from prosecution for obscenity, notwithstanding their unconstitutionality, has undercut the rationale of Luck that Subsection D was severable because the unconstitutional portion was not such an integral part of R.S. 14:106 that the Legislature would not have enacted the statute without it. State v. Johnson, 343 So.2d 705, 708 (La.1977). By declining the opportunity to re-enact La.R.S. 14:106 without the unconstitutional exemption, the Legislature has refuted the assumption of Luck and placed us in the difficult position of attempting to save the constitutionality of the statute as a whole while rejecting the implied message that the unconstitutional portion is an integral part.
We nonetheless find that the dominant purpose of the obscenity statute is not defeated by the invalidity of Subsection D. The constitutional portion of the statute *25 is separately enforceable because, just as before its 1983 re-enactment, it is independent from the unconstitutional subsection, forming a complete act within itself and susceptible of reasonable construction without the exemptions of Subsection D.2 Sutherland, Statutes and Statutory Construction, Sec. 44.04 (Sands 4th ed. 1973). We therefore reject Appellants' second argument."
Thus, the provisions of La.R.S. 14:106 with the exception of Section D(l) are constitutionally valid. The elimination of Section D(l) places all persons including defendant in equal positions under the law. Defendant's equal protection argument is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] This case is distinguishable from State v. Wilkinson, 477 So.2d 919 (La.App. 4th Cir.1985) where defendant's conviction was reversed. Defendant was a projectionist at a movie theatre when the police executed a warrant for an obscene film shown the day before by a different projectionist. The film was found on a "preparation table". There was no evidence that defendant had shown the movie or intended to show the movie.