557 So.2d 319 (1990)
STATE of Louisiana
v.
Harold MONLEY.
No. 88-KA-2060.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for the State.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
On November 13, 1986, the defendant, Harold Monley, was charged with the crime of aggravated burglary, a violation of LSA-R.S. 14:60. After being found guilty as charged on January 27, 1987, he was subsequently sentenced as a second offender to twenty years at hard labor with credit for time served, the first ten years to be without benefit of probation, parole or suspension of sentence, and with no good time benefits. The defendant appeals his conviction and sentence. We affirm the defendant's conviction and amend his sentence, deleting that part of the sentence requiring that ten years be served without parole eligibility.
FACTS
The defendant, Harold Monley, and the victim, Shivan Monley, lived together at 1313 South Derbigny Street until March 14, 1984, when the victim took the keys to the house away from defendant. They were later married on June 8, 1985 but never lived together after their marriage.
On April 19, 1986 at about 4:45 a.m., the defendant broke through the front door of the victim's house. He fought with the victim throughout the house, punching her and calling her names. He forced her outside into his car and drove her to McComb, Mississippi. After threatening to kill both her and himself, he drove to a wooded area and forced her to have sex with him. The victim was able to convince the defendant to bring her back to New Orleans. After she was brought back to her house, she called the Battered Women's Clinic and the police. She was taken to Charity Hospital for treatment for a swollen eye, bruises and cuts all over her body. Vaginal lacerations were also found on her body.
*320 The victim testified that when the defendant came to her house on the morning of the crime he knocked on her window, and left when she did not answer. She stated that he came back around a hour later and forced his way through a small window pane in the front door. The victim claimed that, when defendant came back a second time, she was actually on the phone with his mother soliciting her help to keep him from coming back. Ms. Monley testified that when the defendant came through the window, he grabbed her and started hitting her in the face.
Although Ms. Monley admitted that the defendant came to her house on many occasions to visit their two children, she said that, just a few days earlier, she had asked him not to come in the early morning or late at night. She emphasized that she did not open the door for him and that she did not want him in her house that morning.
Ms. Joseph, the victim's mother who lives in the adjoining half of the shotgun double, heard the break-in and the fight that ensued. She called the police, but the defendant had already left with the victim by the time the police arrived.
The defendant's mother testified that Shivan Monley had telephoned for her son in the days preceding the incident. Additionally, she stated that Shivan had called that morning and did not appear to be upset.
The jury found Harold Monley guilty of aggravated burglary. After pleading guilty to the multiple bill of information filed by the State, he was sentenced as a double offender to twenty years without benefit of parole, probation, or suspension of sentence for the first ten years of his sentence.
ERRORS PATENT
A review of the record reveals no errors patent other than the illegality of the sentence which is discussed herein..
UNAUTHORIZED ENTRY
When assessing the sufficiency of the evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To support a conviction for a violation of LSA-R.S. 14:60, the State had to prove all essential elements of the crime of aggravated burglary including an unauthorized entry, of an inhabited dwelling, with the intent to commit a felony therein, and, in this case, the commission of a battery while in the place. LSA-R.S. 14:60.
The defendant contends that the State failed to prove that his entry into the victim's residence was "unauthorized", an essential element of aggravated burglary. The defendant argues that because he and the victim were legally married at the time of the incident and he visited his children regularly, he had a proprietary and community interest in the home. However, the facts do not support this argument. The defendant had not had keys to the victim's apartment since March, 1984. Even though the couple were married in 1985, they had never lived together at the Derbigny Street address after the marriage. No evidence was produced that the defendant contributed to the support of the household or the children. Additionally, the victim testified that she had told the defendant not to come over at that early hour of the morning or late at night and that she did not want him there on the morning of the incident.
In a similar case, State v. Woods, 526 So.2d 443 (La.App. 4th Cir.1988), the court found an "unauthorized entry" even though the defendant contended that he was still married at the time and had a community interest in the apartment. The court held that an apartment that was rented for the benefit of a woman and her children did not automatically give the community a proprietary interest in the dwelling.
The defendant seeks to distinguish Woods on the grounds that the couple in that case were legally separated, whereas Harold and Shivan Monley were still legally *321 married at the time of the incident. However, the court in Woods discounted the testimony of Ms. Woods as to the couple's legal separation finding inadequate proof of the couple's marital status. The court explained that there was no dispute that the couple did not live together at Ms. Woods' apartment and that factor, rather than their marital status, caused the entry to be "unauthorized."
In the case at bar, the testimony clearly indicates that the defendant did not reside at the Derbigny Street residence. Coupled with the testimony of Shivan Monley emphasizing that she did not give the defendant permission to enter her home, this court concludes that there was sufficient evidence to find an "unauthorized entry." Thus, because this court finds that a rational trier of fact could have found proof beyond a reasonable doubt of every element of the crime, we affirm the defendant's conviction for aggravated burglary.
EXCESSIVE SENTENCE
The defendant was convicted of aggravated burglary and sentenced as a multiple offender to 20 years at hard labor, without benefit of probation, parole or suspension of sentence for the first ten years of his sentence. The defendant argues that the trial court erred in adding the restriction denying parole eligibility. We agree.
LSA-R.S. 14:60 provides that "whoever commits the crime of aggravated burglary shall be imprisoned for not less than one year nor more than thirty years". Because the statute does not expressly prohibit parole, the trial court erred in imposing that condition. Parole eligibility should instead be determined by the Department of Corrections under LSA-R.S. 15:574.4. State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). Therefore, we amend the defendant's sentence, deleting that part that requires that one half of the sentence be served without benefit of parole.
For the above and foregoing reasons, we affirm the defendant's conviction and sentence after deleting the parole restriction.
AFFIRMED IN PART; AMENDED IN PART.