RCANNELLA, Judge.
The State of Louisiana (the State) appeals from a judgment which granted the Motion to Quash filed by defendant, Jay Inchauste-qui. For the reasons which follow, we reverse and remand.
There are few facts of record in this case because it was decided pre-trial on a Motion to Quash. A police report was entered into evidence at the hearing on the motion. The report indicates that on August 19, 1995, the Jefferson Parish Sheriffs Office was called to a residence located at 111 Beverly Gate Drive in Metairie, Louisiana. The resident of the home, Susan Inchaustequi, had returned home from dinner and heard noises in her attic. She telephoned the sheriffs office. Upon entering and searching the home, a male, later identified as the defendant was located in the attic of the home, hiding behind the air conditioning system. The report indicates that he ^admitted to the officers that he had entered the home through a bedroom window and had gone through the closet into the attic. He had installed the alarm system and was,. therefore, able to avoid setting it off.
On January 10,1996 the State filed a bill of information against defendant, in case number 96-156, charging him with a violation of La. R.S. 14:62.3, unauthorized entry of an inhabited dwelling. In a separate case, also on January 10, 1996, the State filed another bill of information against defendant, in case number 96-155, charging him with a violation of La. R.S. 14:62.2, simple burglary of an inhabited dwelling on November 5,1995.
On February 23, 1996, defendant filed a Motion to Quash the bills of information, alleging that he was co-owner of the property in question, that no property settlement had been made, that the temporary restraining order obtained by Susan Inchaustequi under La. R.S. 46:2131 et seq. had expired, and that, therefore, defendant had the legal right to enter the dwelling and lacked the requisite intent to commit a felony.
On January 29, 1997, a hearing was conducted on defendant’s Motion to Quash. The State introduced into evidence the civil divorce proceedings between defendant and Susan Inchaustequi, as well- as the police report of the August 19, 1995 incident. No testimony was taken. After considering the exhibits and the arguments of . counsel, the *885 trial judge found that there was no restraining or protective order in effect at the time of the alleged offenses. He found that defendant was a co-owner of the property and, therefore, was not unauthorized in his entrance. Based on this reasoning, the trial judge granted defendant’s Motion to Quash. It is from this ruling that the state appeals.
The only issue presented in this appeal is whether the trial court erred |4in granting defendant’s Motion to Quash, based on the argument that his entry into the residence was not unauthorized.
In State v. Perez, 464 So.2d 737 (La.1985), the Supreme Court discussed the nature of a motion to quash and stated:
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971).
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 150, 255 So.2d 720 (1971); State v. Ponthieux, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974); State v. Snyder, 277 So.2d 660 (La.1973).
In the present case, defendant raised no issue regarding the sufficiency of the bill of information. Also, he is not arguing that the bill of information is defective in failing to advise him of the specific crime with which he was charged, or that it failed to charge a valid offense. Rather, the issues raised in defendant’s Motion to Quash, whether his entry in to the home was unauthorized, relate solely to his guilt or innocence.
In State v. Ponthieux, 254 La. 482, 224 So.2d 462 (1969), a case similar to the one presently before this court, defendant was charged with simple burglary of the residence of his former wife with the intent to commit a theft therein in violation of La. R.S. 14:62. During pre-trial proceedings, defendant filed a 15motion to quash on the theory that the charge was fatally defective because his entry into the residence was authorized as husband and father, and that he had a right to sell the furniture since it was property subject to his dominion and control as head and master of the community. Defendant’s sole defense to the charge was that he and his "wife were never legally divorced. The Louisiana Supreme Court concluded that the trial judge properly overruled the motion to quash reasoning as follows:
Initially, the bill is without substance because the question presented can only be raised on the merits of the case. Furthermore, there is nothing on the face of the bill of information to show that appellant and Audrey Ponthieux were husband and wife on August 18,1965 when the burglary was allegedly committed.
State v. Ponthieux, supra at p. 464.
Similarly, in State v. Allo, 510 So.2d 14 (La.App. 5 Cir.1987), writ denied, 514 So.2d 1174 (La.1987), appeal after remand, 525 So.2d 664 (La.App. 5 Cir.1988), writ denied, 527 So.2d 976 (La.1988), defense counsel claimed that the bill of information charging defendant with obscenity should have been quashed because the alleged offense took place on private property, not open to public view, as was required by the statute, La. R.S. 14:106. This court found that the trial judge properly denied the motion to quash stating as follows:
In the present case, defendant is not raising any issue as to the sufficiency of the indictment under the specific wording of the statute, or it being defective in failing to advise the defendant of the specific crime with which he was charged, or the indictment failing to charge a valid offense. The defendant is essentially arguing that he has a valid defense to the indictment as written in that he contends the alleged offense took place on private *886 property not open to the public view. If this were true, then one of the necessary elements of this portion of the obscenity statute would be lacking. However, the determination of this question is a factual matter which goes to the merits of the ease and is a question for the jury to decide. As the Motion 16to Quash does not appear to be the proper procedural vehicle to raise this issue, the trial judge properly denied it.
State v. Allo, supra at p. 19.
Defendant herein, by his Motion to Quash, is arguing that he has a valid defense, that he is a co-owner of the property and, therefore, his entry could not be unauthorized. In reaching this conclusion, we must consider several factors, the initial ownership of the property, the status of the property at the time of defendant’s entry and the living status of the parties.[1] See State v. Williams, 632 So.2d 351 (La.App. 1st Cir.1993) and State v. Monley, 557 So.2d 319 (La.App. 4th Cir.1990).
Therefore, we find, that the determination of whether or not defendant’s entry into the property at 111 Beverly Gate Drive, Metair-ie, Louisiana was unauthorized is a factual matter which must go to the merits of the case and is a question for trial. This defense to the charged offenses may not be considered by a motion to quash the bill of information. The trial court, therefore, erred in granting the motion to quash the two charged offenses.
Accordingly, we reverse the trial court judgment which granted the motion to quash and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.

. We note that the parties had physically separated and were living separate and apart in accord with Susan Inchaustequi's attempt to secure a divorce. She had filed a divorce petition requesting exclusive use and occupancy of the family home pending finality of the proceedings.