STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 04-742


STATE OF LOUISIANA

VERSUS

JOHN M. BENEDICT


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 2003
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders, and Oswald A. Decuir, Judges.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**

Karen G. Arena
Louisiana Appellate Project
110 Veterans Blvd., #222
Metairie, LA 70005
(504) 828-6870
Counsel for: Defendant/Appellant
John M. Benedict

James D. White Jr.
Assistant District Attorney
P. O. Box 1652
Monroe, LA 71210
Counsel for: Plaintiff/Appellee
State of Louisiana

**Honorable James Patrick Lemoine**
**Assistant District Attorney, 35th Judicial Dist.**
**P. O. Box 309**
**Colfax, LA 71417**
**(318) 627-2971**
**Counsel for: Plaintiff/Appellee**
**State of Louisiana**

**John M. Benedict**
**Rapides Detention Ctr. F-Dorm**
**7400 Academy Drive**
**Alexandria, LA 71303-3728**

**SAUNDERS, J.**

On March 26, 2003, the Grant Parish District Attorney's Office filed a bill of information charging Defendant John Benedict with four separate charges related to the manufacture and distribution of methamphetamine, a violation of La.R.S. 40:967 and 40:964 (Schedule II). There was also a fifth charge related to the possession of hydrocodone, a violation of La.R.S. 40:968 and 40:964 (Schedule III). However, on August 25, 2003, the State filed an amended bill containing a total of four charges:

> 1. Manufacture of Methamphetamine, a violation of La.R.S. 40:967(A)(1) and 40:964 (Schedule II);
>
> 2. Conspiracy to Manufacture Methamphetamine, a violation of La. R.S. 14:26, 40:967, and 40:964 (Schedule II);
>
> 3. Possession with Intent to Distribute Methamphetamine, a violation of La.R.S. 40:967(A)(1) and 40:964 (Schedule II);
>
> 4. Possession of Dihydrocodeinone (Hydrocodone), a violation of La.R.S. 40:968(C) and 40:964 (Schedule III).

Subsequently, Defendant rejected a plea offer and jury selection began on August 26, 2003. On August 28, the jury found Defendant guilty of all charges. Thereafter, on September 18, 2003, the State filed a "Habitual Offender Bill of Information" alleging Defendant to be a second habitual offender. On December 4, the lower court conducted a hearing on the matter, adjudicated Defendant as a habitual offender and imposed sentences on all counts.

**FACTS:**

On the night of January 22, 2003, law enforcement officers raided two trailers in Grant Parish. Initially, officers observed one man standing in front of one of the trailers and Defendant running toward a shed. Officers located and arrested Defendant inside the shed at which time he became cooperative and confessed to

manufacturing methamphetamine. He had two small bags of the drug and a hydrocodone pill in his pocket. As officers searched the scene, they found equipment and various utensils consistent with the manufacture of methamphetamine and recovered a total of fourteen grams of the drug. Police also arrested the first man observed at the scene, Ray Evans, who later pled guilty and appeared as a State witness at Defendant's trial.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find several errors patent involving the sentences imposed. One of the errors has been raised and is discussed in Assignment of Errors Numbers 2 and 3. That error requires that the habitual offender adjudication and sentences imposed on all four counts be vacated. Thus, the remaining errors patent, also involving the sentences imposed, are rendered moot. We will, however, briefly discuss the remaining errors patent.

First, it appears the trial court ordered all sentences to be served without benefit of parole, probation or suspension of sentence. Although Section G of the habitual offender statute requires all enhanced sentences to be imposed without benefit of probation or suspension of sentence, it does not authorize the trial court to impose enhanced sentences without benefit of parole. La.R.S. 15:529.1(G). Furthermore, the penalty provisions for counts three (possession with the intent to distribute methamphetamine) and four (possession of dihydrocodeinone) do not authorize the trial court to impose any portion of the sentence without benefit of parole. La.R.S. 40:967(B)(1) and La.R.S. 40:968(C). Thus, the trial court improperly denied parole

2

eligibility on those counts. It should refer to the "reference statutes" themselves to determine whether parole may be restricted.

Additionally, we find that the trial court improperly denied good time eligibility. According to the supreme court, "a trial judge lacks authority under La.R.S. 15:571.3(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is 'directed to the Department of Corrections exclusively.'" *State v. Narcisse*, 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, citing *State ex rel. Simmons v. Stalder*, 93-1852 (La. 1/6/96), 666 So.2d 661.

## ASSIGNMENTS OF ERROR:

1.    The evidence is insufficient to sustain the verdict as to possession with intent to distribute methamphetamine.

2.    The multiple bill of information and the adjudication are null and void because neither specify the offense for which Mr. Benedict is to be adjudicated.

3.    The trial court erred in failing to consider Mr. Benedict's motion to reconsider sentence, which was timely filed.

## PRO SE ASSIGNMENT OF ERRORS

1.  Was the defense counsel ineffective in not introducing facts and evidence that would have exculpated the defendant, specifically the fact that the defendant had sustained a gunshot wound to his hand the day prior to the arrest?

2.  Was the jury selection process tainted?

3.  Was the testimony of the State's witness Ray Evans credible/Was the defense counsel's representation of Ray Evans a conflict of interest?

4.  Was the testimony of the State's expert witnesses credible?

5.  Was the defense counsel ineffective for not filing a motion to hire expert witnesses?

6.  Was the defense counsel ineffective for not making an opening statement?

7.  Was the defense counsel ineffective for not making a case in defense?

3

8. Was the defendant prejudiced by being sentenced by a different judge than the one who presided over the trial?

9. Was the chain of evidence regarding the alleged methamphetamine seized from the defendant incomplete?

10. Was the sentence that the defendant received constitutionally excessive?

## ASSIGNMENT OF ERROR NO. 1:

In his first assignment, Defendant argues the evidence was insufficient to support his conviction for possession of methamphetamine with intent to distribute. While he acknowledges the police found items consistent with manufacturing methamphetamine, he argues they found none "consistent with individual packaging." As the State points out in its brief, this is the only one of four convictions that Defendant challenges on appeal.

This court has explained the basic analysis for challenges to the sufficiency of trial evidence:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981).

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Defendant was convicted pursuant to La.R.S. 40:967, which states in pertinent part:

> A. Manufacture; distribution. . . . [I]t shall be unlawful for any person knowingly or intentionally:

4

(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II;

Both parties acknowledge that the particular question of proof of intent to distribute is analyzed by way of the so-called "*House* factors," as set forth in the jurisprudence. This court has explained:

Defendant argues that the State failed to present any evidence of an offense other than possession of cocaine. Defendant relies upon factors outlined in *State v. House*, 325 So.2d 222 (La.1975) to draw this conclusion. In *House*, the supreme court found that the State had not proven the defendant's intent to distribute marijuana because it had not offered evidence:

(1) that the defendant ever distributed or attempted to distribute any marijuana; (2) that the marijuana was in a form usually associated with marijuana possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute.

*Id*. at 225. *State v. Wells*, 99-628, p. 3 (La.App. 3 Cir. 12/22/99), 755 So.2d 963, 966, *writ denied*, 00-181 (La. 9/15/00), 767 So.2d 39. The State relies on four major factors in support of its case.

First, Ray Evans testified that, a short time before police arrived, Defendant gave him some methamphetamine "kind of" in exchange for letting Defendant use the property for his methamphetamine operation. This testimony indicates a "distribution" within the language of La.R.S. 40:961(14). Second, Sergeant Timothy Ledet of the Louisiana State Police, accepted as an expert, testified that users normally possess one or two grams at a time. He also testified that the street value

5

of one gram of methamphetamine is one-hundred dollars. Third, testimony from Michael Nugent, a state police narcotics officer, and from Alex King, a drug analyst, demonstrated that police seized at least fourteen grams of methamphetamine at the scene. Besides this seizure, King testified that substances contained in two vials tested positive for methamphetamine. While he did not testify regarding the weight or volume of the methamphetamine in the vials, it appears they contained amounts in addition to the fourteen grams already identified. Fourth, as already noted, six grams of the methamphetamine seized were contained in two plastic bags found on Defendant's person.

A review of relevant jurisprudence reveals that courts treat an incident of actual distribution as indicative of an intent to distribute. In *State v. Hunt*, 568 So.2d 1104 (La.App. 2 Cir. 1990), *writ denied*, 580 So.2d 914 (La.1991), one of the convictions at issue was for possession of methamphetamine with intent to distribute. The court discussed the *House* factors and observed that a witness testified the defendant had given her some methamphetamine and paraphernalia on the date of the offense. The court treated this testimony as direct evidence of both distribution and the intent to distribute. *Id.*

Thus, the State in the present case showed an instance of actual distribution and that Defendant had, on his person, an amount of methamphetamine inconsistent with personal use. Given the testimony regarding the price of methamphetamine, Defendant had six hundred dollars worth of the drug on his person and a total of at least fourteen hundred dollars worth was found at the scene. Comparing the evidence adduced to the *House* factors and viewing the evidence in the light most favorable to

6

the prosecution, we find that the jury was not unreasonable in finding that Defendant had the intent to distribute methamphetamine. For the reasons discussed, this assignment lacks merit.

**ASSIGNMENTS OF ERROR NUMBERS 2 AND 3:**

In these assignments, Defendant complains that, in the habitual offender bill, the State failed to designate which one of the convictions the habitual offender adjudication was applied to. In cases such as this, where several convictions arise out of a single episode, the failure to designate which of the sentences is being enhanced renders the sentences indeterminate. *State v. Small*, 37,134, pp. 11-12 (La.App. 2 Cir. 6/27/03), 850 So.2d 1019, 1026, *writ denied*, 03-2202 (La. 1/30/04), 865 So.2d 75. Pursuant to *Small* and *State v. Freeman*, 00-238, p. 12 (La.App. 3 Cir. 10/11/00), 770 So.2d 482, 490, *writ denied*, 00-3101 (La. 10/5/01), 798 So.2d 963, the appropriate remedy is to vacate the habitual adjudications and sentences and remand for further proceedings. *See also State ex rel. Porter v. Butler*, 573 So.2d 1106 (La.1991). Therefore, Defendant's remaining assignment, which concerns the denial of his motion to reconsider sentence, is moot.

**PRO SE ASSIGNMENT OF ERRORS NOS. 1, 5, 6 & 7:**

Defendant's first, fifth, sixth and seventh assignments of error all allege that his trial counsel was ineffective. Each of these assignments makes assertions related to trial strategy and the interaction, or lack thereof, between Defendant and trial counsel. We find the current record to be insufficient to support these assignments. These issues would be better addressed in the post-conviction process. On

7

application for post-conviction relief, the record can be more fully developed regarding the issues Defendant seeks to raise. These assignments lack merit.

**PRO SE ASSIGNMENT OF ERROR NO. 2:**

In this assignment, Defendant alleges the jury selection process was tainted, due to the use of an unsealed box. In the proceedings below, trial counsel cited La.Code Crim.P. art. 408, which states, in pertinent part:

> After the jury commission has selected the general venire, it shall lock and seal the general venire box and deliver it to the clerk of court, as the custodian thereof. Alternatively, the list of persons so selected may be retained in a form suitable for use by a properly programmed electronic device commonly known as a computer.

We also note La.Code Crim.P. art. 419, which may be more dispositive of the current assignment. It states, in pertinent part:

> A. A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced, some great wrong committed that would work irreparable injury to the defendant, or unless persons were systematically excluded from the venires solely upon the basis of race.

When jury selection began, it quickly became apparent there was a defect in the proceedings. The grand jury venire and petit jury venire lists were accidentally mixed up. A short hearing was held to determine if the lists were tampered with in any manner whatsoever. The testimony at that hearing indicated that the lists remained in a sealed envelope.

Furthermore, Defendant does not allege that the venire was tampered with, but argues he was prejudiced by the use of "an unsealed envelope and an unsealed box." Considering article 419, the lack of any allegation of tampering, and the testimony

8

that the petit jury envelope was sealed, Defendant has failed to demonstrate any prejudice or reversible error.

For the reasons discussed, this assignment lacks merit.

**PRO SE ASSIGNMENT OF ERROR NO. 3:**

In his third pro se assignment, Defendant alleges his trial counsel had a conflict of interest because he also represented alleged co-conspirator Ray Evans, who eventually confected a plea agreement with the State and testified against Defendant at trial. The current record, however, does not indicate that Defense counsel also represented Ray Evans, nor does it illustrate that he did not. Further, the charging instruments in the current record indicate Defendant was billed alone and the minutes do not address the proceedings against Evans. Thus, the State apparently proceeded against Evans separately and any details of his case would be outside the current record. Therefore, based on the record before us, we see nothing indicating that this assignment has merit. This issue may be addressed in the post-conviction process, where a record containing the relevant information can be developed.

**PRO SE ASSIGNMENT OF ERROR NO. 4:**

In this assignment, Defendant complains the State's experts were not credible; however, much of his argument concerns trial counsel's alleged failure to attack the credibility of each of the two experts. This portion of the assignment is an ineffective assistance of counsel claim and, like his other ineffectiveness claims, is not supported by the record before us. This issue may be addressed in the post-conviction process.

Another part of the assignment is Defendant's claim that one of the experts should not have been qualified as such because he was not formally trained regarding

9

the "Nazi," or "Birch," method of methamphetamine manufacturing that was at issue in this case. Defendant does not name the expert witness he is referring to, but the context of his argument and related record page citation indicate that he is referring to Sergeant Timothy Ledet of the Louisiana State Police.

Ledet testified that the bulk of his formal training addressed manufacturing methods other than the Nazi method. However, he indicated that he had practical experience with the latter method and was familiar with it. Ledet testified that he felt more familiar with the Nazi method than with "Red P," a method he was formally schooled in. His testimony indicated the Nazi method is seen more in the field than the Red P method is. Further, Ledet conducted informal classes on the Nazi method for a state police troop.

It is well-settled that the decision to qualify an expert is within the discretion of the trial court. Further, practical experience forms a sufficient basis to qualify a witness as an expert, even in the absence of a formal, academic education. *State v. Wells*, 99-628, (La.App. 3 Cir. 12/22/99), 755 So.2d 963, *writ denied*, 00-181(La. 9/15/00), 767 So.2d 39. In light of *Wells*, the trial court in the present case did not abuse its discretion in accepting Ledet as an expert.

Defendant also complains that a second State expert was not credible, but he does not name the expert and does not state why he was not credible. The other expert qualified in this case was Alex King of the North Louisiana Criminalistics Laboratory. The record, however, reveals that trial counsel stipulated to King's expertise. Thus, the issue was not preserved for review on appeal. Defendant also complains that the police officers who testified at trial relied upon their memories

without referring to any recorded material to refresh their memories of the arrest, which occurred approximately a year before the trial. We note that it is common for witnesses to rely upon their memories of events. In *State v. Mitchell*, 94-521(La.App. 3 Cir. 11/2/94), 649 So.2d 569, the defendant challenged an officer's recollections and identification of him as the offender. This court noted that credibility assessments are squarely within the province of the fact-finder and affirmed the conviction. Similarly, we reject Defendant's argument here.

**PRO SE ASSIGNMENT OF ERROR NO. 8:**

In this assignment, Defendant argues it was improper for him to be sentenced by a judge other than the one who presided over his trial. While we have already decided to remand, we note that it is not improper for the sentencing judge and the trial judge in a case to be two different people. As a practical matter, retirement, death, or an election loss may sometimes necessitate such a situation. La.R.S. 13:4209, *State v. Allo*, 525 So.2d 664 (La.App. 5 Cir.), *writ denied*, 527 So.2d 976 (La.1988). Therefore, this assignment lacks merit.

**PRO SE ASSIGNMENT OF ERROR NO. 9:**

In this assignment, Defendant initially argues the chain of custody was not complete for physical evidence that the State introduced at trial. He concedes, however, that a continuous chain of custody is not essential, provided the evidence as a whole demonstrates that the exhibit at issue was the same item originally seized by authorities. Further, he concedes the evidence in the present case demonstrated that the evidence originally seized was, more probably than not, the same evidence presented at trial. He also acknowledges that a defect in the chain of custody goes to

11

weight rather than admissibility. He argues, however, that the jury should have been instructed regarding the "importance of the chain of custody for identification procedures."

Defendant cites no jurisprudence to support this proposition and our research has revealed none. Further, during jury instructions, when the trial court explained the use of exhibits, Defense counsel raised no objection and did not request the sort of instruction that Defendant now seems to request. The lack of a contemporaneous objection precludes Defendant from raising this issue on appeal. La.Code Crim.P. art. 841.

Defendant also claims that some of the photographs introduced at trial were provided to Defense counsel only a day or two before trial; thus, counsel did not have an opportunity to determine whether they had been retouched. At trial, Defense counsel made essentially the same argument when objecting to a group of digital photographs. We note, however, that a photograph is admissible when a witness, who has personal knowledge of the item depicted, identifies it. *State v. Leggett*, 363 So.2d 434 (La.1978). In the present case, the items depicted in the contested photographs were identified by Nugent. This assignment lacks merit.

**PRO SE ASSIGNMENT OF ERROR NO. 10:**

In this assignment, Defendant claims his sentence is excessive. However, as discussed earlier, under the counsel-filed assignments, Defendant's sentence is vacated and remanded due to other errors. Thus, the current assignment is moot.

**CONCLUSION:**

Defendant's convictions are affirmed. His habitual offender adjudications and sentences, however, are vacated and the case is remanded for proceedings in accordance with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**