MOORE, J.
hThe defendant, George William Pur-land, Jr., was convicted by bench trial of simple arson, a violation of La. R.S. 14:52. The state subsequently filed a second offender bill to which Purland entered a guilty plea. The state and Purland then agreed to a 10-year sentence, specifying that Purland could appeal anything other than the habitual offender proceedings and the sentence. The court imposed the 10-year sentence; however, it indicated that the 10-year sentence was without benefit of probation, parole, or suspension of sentence. This appeal followed. We amend the judgment below, and, as amended, affirm.
After imposing the stipulated 10-year sentence, the bailiff asked the court if the sentence would be without benefits and the court responded affirmatively. The court did not articulate what benefit would be denied; however, the minutes indicate that the sentence was to be served without benefit of probation, parole, or suspension of sentence.
Section G of the habitual offender statute requires that all enhanced sentences be imposed without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G). No authority is granted to a court to enhance a sentence by denying benefit of parole. The penalty provision of La. R.S. 14:52 likewise does not restrict parole.
Appellant alleges the sentencing court erred when it imposed a sentence without benefit of parole, citing State v. Benedict, 2004-742 (La.App. 3 Cir. 11/10/04), 887 So.2d 649. In Benedict, the court held that Section G of the habitual offender statute does not authorize the trial court to impose enhanced sentences without benefit of parole. Similarly, in State \9v. Brown, 37,736 (La.App. 2 Cir. 3/12/04), 868 So.2d 289, writ denied, State ex rel. Brown v. State, 04-2216 (La.6/3/05), 903 So.2d 445, the trial court sentenced the defendant to eight years at hard labor, not only without benefit of probation or suspension of sentence, but also without benefit of parole. *988 We noted that La. R.S. 15:529.1(G) does not specify that the sentence be served without the benefit of parole, and we amended the defendant’s sentence and the minutes to delete any reference to service of the sentence without eligibility for parole.
The state agrees that the court should not have imposed the sentence without benefit of parole.
Accordingly, for the reasons stated above, we amend the sentence vacating that part of the sentence imposed without benefit of parole, and we order that the minutes be amended to delete any reference to service of the sentence without eligibility for parole. In all other respects, the sentence is affirmed.
SENTENCE AMENDED; AS AMENDED, AFFIRMED.