PER CURIAM.
Defendants Wrestle, Inc. and Daniel W. Burch were jointly charged in two counts with exhibition and display of obscene hardcore sexual conduct. La.R.S. 14:106. The six-member jury unanimously convicted defendant Wrestle, Inc. and, by vote of 5-1, likewise convicted defendant Burch of both counts. This Court affirmed the convictions on appeal. State v. Wrestle, Inc., 360 So.2d 831 (La.1978). The United States Supreme Court granted certiorari, affirmed the conviction of Wrestle, Inc., which had been convicted by a unanimous jury, but reversed the conviction of Burch, holding unconstitutional, as violative of the right of an accused to trial by jury guaranteed by the Sixth and Fourteenth Amendments, the provisions of Louisiana law which permit conviction by five out of six jurors.[1] Burch v. Louisiana, —- U.S. -, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979). The High Court has now remanded the case to this Court with the following mandate:
ON CONSIDERATION WHEREOF, it was ordered and adjudged on April 17, 1979, by this Court that the judgment of the Supreme Court of Louisiana in this cause be reversed in part, with one half of the total costs to be taxed against the respondent therein, and affirmed in part; and that this cause be remanded to the Supreme Court of the State of Louisiana for further proceedings not inconsistent with the opinion of this Court.
IT WAS FURTHER ORDERED that Daniel Burch recover from the State of Louisiana Seventy-five Dollars ($75) for his costs herein expended.
NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such *1166 proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and Laws of the United States, the said writ notwithstanding.
Accordingly, the conviction and sentence of defendant Wrestle, Inc. is affirmed, the conviction and sentence of defendant Burch is reversed, and the case is remanded to the Criminal District Court for the Parish of Orleans for further proceedings not inconsistent with the opinion and mandate of the Supreme Court of the United States.

. La.Const. Art. 1, § 17 (1974); La.C.Cr.P. arts. 779, 782.