JiDECUIR, Judge.
Zachary Davis was charged with one count of illegal possession of stolen things and one count of possession of a firearm, violations of La.R.S. 14:69 and 14:95.1. Defendant was arraigned and pled not guilty. The charges were severed for trial. Defendant was tried by jury and found guilty of possession of a firearm by a convicted felon. Defendant was sentenced to ten years at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction.
FACTS
On April 5, 1994, New Iberia Police Detective Murray Sheppard was informed by Conrad Strickney that three days earlier, Strickney had stolen a Zenith 20" color television from 914 School Street. He took the television to 101 Dark Alley, the residence of the defendant, Zachary Davis. Davis sold Strickney $40.00 worth of crack cocaine in exchange for the television. Sheppard obtained a search warrant based on this information. Police officers searched the residence and found, among |2other items, a firearm in plain view. Defendant, who had a prior felony conviction, was subsequently charged with possession of a firearm by a convicted felon.
ERROR PATENT
After careful review of the record, we find one error patent. La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in *18 actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Accordingly we amend the sentence to reflect that the defendant is given credit for time served prior to the execution of the sentence.
ASSIGNMENT OF ERROR
By this assignment of error, defendant contends the trial court erred in denying the defendant’s motion to suppress the fruits of the search of defendant’s house. Davis states the affidavit in support of the warrant did not establish probable cause to search for anything but the television in that the information concerning the drugs and paper was stale. Defendant further states the warrant improperly authorized a general search of his residence and that it was overbroad in allowing officers to search for items other than the television.
DID THE AFFIDAVIT ESTABLISH PROBABLE CAUSE TO SEARCH FOR ANYTHING OTHER THAN THE TELEVISION?
In State v. Bourque, 622 So.2d 198 (La.1993), the court stated:
In order to be valid, “a search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.” La.C.Cr.P. art. 162; La. Const, art. I, See. 5. This court has held probable cause exists “when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.” State v. Byrd, 568 So.2d 554, 559 (La.1990) (citation omitted).
_[sA judicial officer “must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a ‘fair probability’ that evidence of a crime will be found in a particular place.” Byrd, 568 So.2d at 559. On appeal, this court must find only that the issuing judicial officer had a “substantial basis” for finding the existence of probable cause. Id.; See Illinois v. Gates, 462 U.S. 213, 239-^41, 103 S.Ct. 2317, 2332-34, 76 L.Ed.2d 527 (1983).
⅜ ⅜ }⅜ ⅜ ⅜ ⅜
The fact that the information contained in the affidavit supporting the application for the search warrant was not completely based on the personal knowledge of the attesting officer but on what he had been told by others is no bar to finding the warrant valid. This court has repeatedly held the facts necessary to show probable cause may be established by hearsay evidence. State v. Duncan, 420 So.2d 1105, 1109 (La.1982); State v. Jeffcoat, 403 So.2d 1227,1229 (La.1981).
Bourque, 622 at 219-221.
The application for the complained-of search warrant states that on April 5, 1994, the affiant, Detective Murray Sheppard, was advised by Conrad Striekney at the New Iberia City Police Department that on April 3,1994, he had gone to 914 School Street and forced his way inside through the bathroom window. Once inside, Striekney removed a Zenith 25" color television and took it to 101 Dark Alley in New Iberia, defendant’s residence. Striekney spoke to the defendant who gave Striekney $40.00 in crack cocaine for the television. After relinquishing the television set to defendant, Striekney was advised by Davis to sign a paper because the police had previously seized stolen goods from his apartment. Striekney signed the name Dwayne Jones.
The warrant issued to Sheppard authorized a search for the television, all controlled dangerous substances, and documents. During the search, police discovered a firearm in plain view, and the defendant eventually admitted to its possession.
La.Code Evid. art. 703(D) states that when evidence is seized pursuant to a psearch warrant, the defendant bears the burden of proof at a trial on his motion to suppress that evidence. “The magistrate’s determination of probable cause, prior to issuance of a search warrant, is entitled to significant deference by the reviewing court and marginal cases should be resolved in *19 favor of finding the magistrate’s assessment to be reasonable. State v. Rodrigue, 437 So.2d 830 (La.1983).” State v. Scott, 530 So.2d 630, 633 (La.App. 4 Cir.1988).
Defendant failed to attack the veracity of the facts in the affidavit on which the warrant is based. He has further failed to put on any evidence at the hearing on the motion to suppress concerning the presumed truthfulness of Strickney’s tip to Officer Sheppard. At trial, defense counsel stipulated that the police officers were lawfully at the defendant’s residence.
We find no reason to question the judge’s finding of probable cause or the issuance of the search warrant. Defendant does not explain why he thinks the information concerning the television is not stale when he thinks the information concerning the other items is. In State v. Thompson, 354 So.2d 513 (La.1978), the supreme court stated:
A search warrant will withstand an attack of ‘staleness’ if the facts contained in the affidavit have not become so attenuated with the passage of time so as to render those supporting facts non-existent. Stated another way, ‘... the proof [of probable cause] must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.’ (Citations omitted).
Thompson, 354 So.2d at 514-515.
Sheppard was informed of the drug trade three days after it occurred. The search warrant was issued that same day. Furthermore, in State v. Loyden, 597 So.2d 156 (La.App. 3 Cir.), writ denied, 605 So.2d 1089 (La.1992), the court explained that the good faith exception to the exclusionary rule would apply, even if the search warrant affidavit was determined to be stale, where the affiant did not mislead the Isissuing magistrate, the magistrate did not abandon its detached and neutral judicial role, and the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Accordingly we find the affidavit properly established probable cause to search for all three items. See also State v. Harlan, 556 So.2d 256 (La.App. 2 Cir.), writ denied, 561 So.2d 115 (La.1990).
WAS THE WARRANT OVERBROAD IN ALLOWING THE OFFICERS TO SEARCH THE RESIDENCE FOR “ALL CONTROLLED DANGEROUS SUBSTANCES AND DOCUMENTS,” AND DID THE OFFICERS GO BEYOND ESTABLISHED BOUNDARIES BY LOOKING UNDER THE BED?
A hearing on the motion to suppress was held on April 17, 1995 at which time the trial judge denied the motion. The hearing focused on the boundaries of the search within the residence and whether the firearm was in plain view. La.Code Crim.P. art. 161 states:
A. A judge may issue a warrant authorizing the search for and seizure of any thing within the territorial jurisdiction of the court which:
(1) Has been the subject of theft.
(2) Is intended for use or has been used as a means of committing án offense.
(3) May constitute evidence tending to prove the commission of an offense.
Considering the facts the affiant laid out in the affidavit, probable cause existed to look for the document and drugs, in addition to the television. Both would be evidence of the crimes of possession of stolen goods and distribution or possession of crack. In State v. Camp, 459 So.2d 53 (La.App. 2 Cir.1984), writ denied, 462 So.2d 212 (La.1985), the court stated:
Art. 165. Authority of peace officer in executing a search warrant
| gWhile in the course of executing a search warrant, a peace officer may make photographs, lift fingerprints, seize things whether or not described in the warrant that may constitute evidence tending to prove the commission of any offense, and perform all other acts pursuant to his duties.
Article 165 thus authorizes the seizure of evidence or contraband located by the searching officers during the course of the search, even if that evidence or contraband is not listed in the warrant. It is axiomatic that such a seizure is described in search and seizure terms as being based on the “plain view” doctrine. The constitutional *20 standards for that doctrine were formerly-enunciated in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). For the “plain view” doctrine to apply, Coolidge required a) a lawful initial intrusion, b) that incriminating evidence must be discovered inadvertently, and c) that it be “immediately apparent” that the item observed is evidence or contraband. Where the officers are searching on the authority of a warrant, as in this case, the authority of that warrant and the search for the items listed satisfies the first two requirements of the plain view doctrine. Thus the issue in this case, and in any other where the officers are acting on a warrant and evidence or contraband is seized which is not listed in the warrant, is whether the third or “immediately apparent” requirement is satisfied.
However, the “immediately apparent” requirement was substantially modified recently by the United States Supreme Court in Texas v. Brown, 460 U.S. 730,103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) when the court stated:
Decisions by this court since Coolidge indicate that the use of the phrase “immediately apparent” was very likely an unhappy choice of words since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for application of the “plain view” doctrine. Brown, supra, 460 U.S. at 735-41,103 S.Ct. at 1542.
It is unclear what phrase or label might be used to replace that of “immediately apparent.” However, the Brown court stated that “the rule from Payton, supra [.Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) ], requiring probable cause for seizure in the ordinary case, is consistent with the fourth amendment and we reaffirm it here.” Brown, supra [460 U.S. at 741-42] 103 S.Ct. at 1542. We may perhaps then change the label of the third requirement to that of “probable cause” to believe that the item is evidence or contraband. (FN1)
In a case such as this, where a large amount of dangerous drugs are seized together with other evidence indicating organized distribution, we believe there is probable cause to seize these weapons — and thus the current “plain view” standards are met. The weapons are an indication of dominion and control over the drugs, suggesting a willingness to use force to protect the residence and the substances l7therein. This farther suggests a knowledge of the valuable and illegal character of these substances. Moreover, the volatility of a search where large amounts of dangerous drugs are expected is manifest. Even though the defendant may apparently be restrained and there may apparently be no others in or about the premises, common sense indicates that the weapon should be at least temporarily seized for the protection of the officers.
We additionally note defendant’s contention regarding this assignment that the state did not prove in the motion to suppress that the officers had knowledge on [sic] the defendant’s previous felony conviction and thus the seizure is inappropriate because of the state’s failure regarding that burden. With respect to this contention, as well as with respect to this entire assignment, it is important to note that since the items at issue were seized pursuant to a warrant, the defendant bears the burden of proving his contentions. LSA-C.Cr.P. Art. 703 D.
Camp, 459 So.2d at 56-57; (footnote omitted).
In the case sub judice, although the gun was apparently in plain view protruding from under a bed, both Officers Sheppard and Robinson testified they had searched for drugs underneath persons’ beds when conducting a search for narcotics or documents. If the gun had not been discovered in plain view, it would likely have been discovered during the search for the drugs or the document.
A review of the affidavit supporting the application for the search warrant of the defendant’s residence shows there was a substantial basis for finding probable cause. A search of the residence for the television, drugs and the document was properly authorized. The police did not conduct an over-broad search which resulted in the discovery *21 of the gun. Thus, there was no error in the trial court’s denial of defendant’s motion to suppress the evidence seized during the search. This assignment of error lacks merit.
Defendant assigned two additional errors, however, he failed to brief these assignments. They are therefore considered abandoned. Uniform Rules, Courts of Appeal, 2-12.4.
^CONCLUSION
For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s sentence is amended to reflect that defendant is given credit for time served and the case is remanded to the district court for amendment of the commitment and minute , entry to reflect the credit.
AFFIRMED AS AMENDED AND REMANDED.