712 So.2d 934 (1998)
STATE of Louisiana
v.
Marcus J. JACKSON.
No. 97-KA-1246.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1998.
*935 Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, for Appellant Marcus J. Jackson.
Paul D. Connick, Jr., District Attorney, Parish of Jefferson, Terry Boudreaux, Thomas J. Butler, Asst. Dist. Attys., Gretna, for Appellee State.
CANNELLA, Judge.
Defendant, Marcus J. Jackson, appeals from a conviction of possession of a firearm by a convicted felon and sentence to twelve *936 years at hard labor without benefit of parole, probation or suspension of sentence. For the reasons which follow, we affirm the conviction and sentence and remand.
On February 17, 1997, Detective Ralph Sacks of the Jefferson Parish Sheriff's Office obtained an arrest warrant for defendant, after Tracy Pittman (Pittman) alleged that she had been kidnaped by defendant, forced to disrobe and pose for sexually explicit photographs. On the same day, Deputy Sacks obtained a search warrant for the house at 728 Hooter Road in Bridge City, where he believed that defendant resided. The warrant authorized officers to search the residence for nude photographs of Pittman, a purple colored Radiophone pager belonging to Pittman and an "instant" camera.
Detective Sacks and several other officers executed the warrants at 6:05 p.m. on February 17, 1997. Defendant was at the residence when the officers arrived and he was placed under arrest. Defendant directed the officers to his bedroom, where they searched for the items listed in the warrant. During the course of the search, the officers recovered a .32 caliber handgun and its magazine from under the mattress of defendant's bed. Detective Sacks testified that he was aware at the time that defendant was a convicted felon and, therefore, the weapon was considered contraband. Other items seized during the search were a Polaroid camera, ten Polaroid photographs, a purple Radiophone pager, six .32 caliber cartridges, a .25 caliber magazine and three .25 caliber cartridges.
On March 25, 1997, the Jefferson Parish District Attorney filed a Bill of Information charging defendant with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. On April 1, 1997, defendant was arraigned and entered a plea of not guilty.
On July 8, 1997, the state amended the Bill of Information, changing the date of the alleged offense. On the same day, defendant was tried by a jury of twelve persons and was found guilty as charged. On August 22, 1997, the trial judge sentenced defendant to serve twelve years at hard labor without benefit of parole, probation or suspension of sentence. Defendant was given credit for time served. It is from this conviction and sentence that defendant now appeals and assigns two errors.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment, defendant complains that the trial judge erred in failing to suppress the gun (State's exhibit six) seized in violation of his Fourth Amendment right against unlawful search and seizure.[1] Defendant does not challenge the validity of the search warrant itself. Rather, he contends that the officers went beyond the scope of the warrant when they seized the weapon. More specifically, defendant argues that because the gun was not listed in the warrant among the items to be seized, and the evidence at trial showed that the gun was found after the police had completed their search for the listed items, the seizure was illegal.
A search warrant should describe with particularity the items to be seized. La.Const. of 1974, Art. I, § 5; La.C.Cr.P. art. 162. The warrant should be tested in a common sense and realistic manner without technical requirements of elaborate specificity. State v. Huffman, 419 So.2d 458 (La. 1982); State v. Martinez, 552 So.2d 1365 (La.App. 5th Cir.1989). While in the course of executing a search warrant, a police officer may seize things, whether or not they are described in the warrant, that may constitute evidence tending to prove the commission of any offense, and perform all other acts pursuant to his duties. La.C.Cr.P. art. 165; State v. Tanner, 534 So.2d 535 (La.App. 5th Cir.1988). It is axiomatic that such a seizure is described in search and seizure terms as being based on the "plain view" doctrine. See State v. Davis, 96-107 (La.App. 3rd Cir. 10/23/96), 684 So.2d 17.
In the instant case, the officers were lawfully inside the Hooter Road residence pursuant to a valid search warrant. The State thereby proved a lawful initial intrusion. Detective Sacks testified that he knew, before *937 executing the search warrant, that defendant was a convicted felon. It was therefore immediately apparent to him, upon finding the gun in defendant's room, that it was contraband. The gun was located during the execution of a valid search warrant. Detective Sacks testified that the gun was found before all of the items listed in the search warrant were discovered. He stated that, after the gun was found, the photographs listed in the warrant were discovered.
Defendant's assertion herein that the officers recovered the gun after they had found all the items listed in the warrant is not supported by the evidence. While defendant's mother testified in accord with this assertion, her testimony was contradicted by that of Detective Sacks. Moreover, Detective Sacks was in the room where the search was being conducted, whereas defendant's mother was in the living room. Therefore, we find that the officers were authorized to seize the gun, even though it was not named in the search warrant.
Based on the foregoing, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment, defendant contends that the evidence presented at trial was insufficient to prove his possession of the firearm, an essential element of the charged offense. In support of this argument, defendant relies on the testimony of his mother, Beverly Jackson. She testified that she arrived at the residence while the search was in progress. She stated that she owns the Hooter Road residence and that defendant resided there with her. She stated that she does not own the gun found at her house and that defendant has not, to her knowledge, possessed a gun since his release from prison. Beverly Jackson further testified that several friends and relatives, visiting for Mardi Gras, had stayed at her house prior to the February 17, 1997 search. Some of these people had stayed in defendant's room.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof, sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.), writ denied, 569 So.2d 968 (La.1990).
The elements of possession of a firearm by a convicted felon are possession of a firearm, conviction of one of the enumerated felonies,[2] that ten years has not elapsed since completion of the sentence and general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983). Defendant contends that the state did not prove the element of possession.
Actual possession of a firearm is not necessary to satisfy the possessory element of La.R.S. 14:95.1; constructive possession is sufficient to satisfy the element of possession. State v. Francis, 95-194 (La. App. 5th Cir. 11/28/95), 665 So.2d 596; State v. Fisher, 94-2255 (La.App. 1st Cir. 12/15/95), 669 So.2d 460. A person is in constructive possession of a thing if it is subject to his dominion and control. State v. Francis, supra. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. State v. Wesley, 28,941 (La. App. 2nd Cir. 12/13/96), 685 So.2d 1169.
Defendant argues that the recovery of the gun from under the bed was not sufficient to prove that he had constructive possession of the weapon. Defendant argues that, he cannot be said to have had dominion and control over the gun simply because it was alleged to have been found in his bedroom.
While it may be true that defendant's mere presence in the home where the gun was found would not necessarily establish the requisite possession, the State proved more than defendant's mere presence.
Beverly Jackson testified that the gun did not belong to her. Detective Sacks testified *938 that defendant was at the house when he and other officers arrived to execute the search and arrest warrants. After some delay, defendant admitted the officers, and showed them to a room which he indicated was his bedroom. The officers found the gun under the bed in the room defendant occupied. Det. Sacks further testified that a records check showed that the gun was not registered.
Beverly Jackson testified that, shortly before the officers' search, several relatives had stayed as guests in her home. Some of these relatives stayed in defendant's bedroom. Through her testimony, the defense sought to show that the gun could have belonged to someone other than defendant. The jury apparently gave little credence to the defense testimony.
The testimony at trial established that the gun was found under the bed where defendant sleeps. This indicates that defendant did have easy access to the weapon. We find that the jury in the instant case could have reasonably concluded, based on the evidence, that defendant had possession of the pistol.
This assignment of error lacks merit.

ERRORS PATENT DISCUSSION
The record was reviewed for errors patent. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La. 1983). The review reveals one patent error. The trial judge improperly advised defendant of the time limitation for application for post conviction relief.
La.C.Cr.P. art. 930.8 provides that a defendant has three years from the day his judgment of conviction and sentence becomes final within which to apply for post conviction relief.
At the time of sentencing, the trial judge incorrectly advised defendant that he had three years "from the finality of your last appeal" within which to file an application for post conviction relief.
However, the failure to properly inform defendant of this time limitation is not a ground for vacating the sentence. Rather, the appropriate remedy is to remand the case with an instruction to the trial judge to inform defendant of the provisions of La. C.Cr.P. art. 930.8(C) by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289; State v. Procell, 626 So.2d 954 (La.App. 3rd Cir.1993); State v. Sumlin, 605 So.2d 608 (La.App. 2nd Cir.1992).
Accordingly, for the reasons set out above, defendant's conviction for possession of a firearm by a convicted felon and his sentence to twelve years at hard labor without benefit of parole, probation or suspension of sentence are affirmed. The case is remanded with instructions to the trial judge to inform defendant of the provisions of La.C.Cr.P. art. 930.8(C) by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice.
AFFIRMED AND REMANDED.
NOTES
[1] The trial court did not hear or rule on defendant's motion to suppress evidence prior to trial. It appears that the trial court referred the motion to the merits of the case.
[2] The parties stipulated at trial that defendant was a convicted felon under the statute.