924 So.2d 453 (2006)
STATE of Louisiana, Appellee,
v.
Kenneth STAPLETON, Appellant.
No. 40,772-KA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
*454 Holli A. Herrle-Castillo, Marrero, for Appellant.
*455 Paul J. Carmouche, District Attorney, Tommy J. Johnson, Ron C. Stamps, Philip House, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and MOORE, JJ.
WILLIAMS, J.
The defendant, Kenneth Stapleton, was charged by bill of information with pornography involving juveniles, in violation of LSA-R.S. 14:81.1(A)(3). After the trial court denied the defendant's motion to suppress evidence, the matter proceeded to trial, and the defendant was found guilty as charged. The defendant was sentenced to serve five years at hard labor without benefit of parole, probation or suspension of sentence. The defendant was further ordered to register as a sex offender within 15 days of his release from prison. For the following reasons, we affirm the trial court's ruling on the motion to suppress, and we affirm the defendant's conviction and sentence.

FACTS
On May 30, 2002, Sgt. James Hart and Officer David Burton of the Vivian Police Department went to the defendant's trailer home to investigate a complaint of illegal drug activity. Upon the officers' arrival at the trailer, Sgt. Hart asked the defendant for permission to search the trailer. The defendant gave the officers oral permission and signed a written voluntary consent to search the trailer. The officers entered the trailer and immediately observed a bag containing what appeared to be marijuana seeds on a computer table located to the right of the door to the trailer. The officers noticed that the screen saver on the computer monitor was a picture of a marijuana field. The officers exited the trailer, advised the defendant of his Miranda rights and placed him under arrest. The defendant was placed in the patrol car. The officers then conducted a search of the trailer which revealed drug paraphernalia, including a pipe commonly used with illegal drugs, an "alien spaceman bong," forceps, vise grips and an "Indian style peace pipe" containing "tinfoil." Several hundred marijuana seeds were observed throughout the trailer. The officers also discovered items commonly used for cultivating and growing an indoor marijuana system, including fluorescent lighting, a timer, a water delivery system, plastic tubing, a five gallon bucket, Miracle Gro plant food, screening, potting soil and a tube of sealant.
Despite having been Mirandized, while sitting in the patrol car, the defendant revealed to one of the police officers that he had obtained the instructions with regard to building a marijuana cultivating system by downloading the information from the internet onto his computer. The defendant signed a waiver of Miranda rights form. As a result of this information, the officers seized the defendant's Gateway computer and twenty floppy disks.
On June 4, 2002, a search warrant was issued to search the contents of the computer for "information concerning plans to build indoor marijuana cultivating devices." Subsequently, the computer and the floppy disks were taken to the Caddo Parish District Attorney's office for forensic analysis by Mark Fargerson, an investigator. During the course of the forensic study of the computer's hard drive, Fargerson discovered numerous images of marijuana, as well as instructions regarding the growth of marijuana. During his perusal of the floppy disks, Fargerson came across images depicting under-aged males engaged in various sex acts. At that point, Fargerson stopped the search and sought a warrant to search the computer *456 and floppy disks for evidence of child pornography.
The new search warrant was issued on June 21, 2002, authorizing Fargerson to search the computer and disks for "photographs and other visual reproductions depicting children under seventeen years of age engaged in sexual acts and/or sexual conduct." Pursuant to the warrant, Fargerson resumed his analysis of the images on the disks and discovered approximately 102 images of child pornography and an additional 69 images of child erotica.
The defendant was charged by bill of information with pornography involving juveniles, in violation of LSA-R.S. 14:81.1(A)(3).[1] Thereafter, the defendant filed a motion to suppress items of physical evidence seized from him, including the computer and disks. The motion alleged that the law enforcement officers seized and removed the items from his residence without a search warrant or other legal justification. The motion further alleged that the disks were outside the scope of the initial search warrant and were not specifically listed in the warrant. Following a hearing, the trial court denied the defendant's motion to suppress.
Immediately prior to trial, a "free and voluntary hearing" was conducted. During the course of the hearing, Sgt. Hart testified that after the defendant had been verbally advised of and had waived his Miranda rights, the defendant stated that he had received the instructions concerning the marijuana lab from the computer. Conversely, during his testimony, the defendant denied making any statements to any of the officers. Although it was not the subject of the free and voluntary hearing, the defendant also denied verbally consenting to the initial search. He stated that the keys to the trailer home were taken out of his pocket, without his consent, while he was being handcuffed. According to the defendant, he felt intimidated by the officers during the entire event. However, on cross-examination, the defendant identified his signature on the voluntary consent to search form.
The trial court found that despite the defendant's testimony that he was intimidated, the officers' actions were necessary for police safety. Noting that the defendant testified that the officers had made no threats or promises, the trial court concluded that all indications supported a finding that the statements were freely and voluntarily given. It then ruled that the statements were admissible.
Following the jury trial, the defendant was convicted as charged. Subsequently, his motions for post-verdict judgment of acquittal and new trial were denied. As noted above, the defendant was sentenced to serve five years imprisonment at hard labor without benefit of parole, probation or suspension of sentence, with credit for time served. He was further ordered to register as a sex offender within 15 days of his release. The trial court denied the *457 defendant's motion to reconsider sentence. The defendant appeals the denial of the motion to suppress.

DISCUSSION
The right of every person to be secure in his person, house, papers and effects, against unreasonable searches and seizures, is guaranteed by the Fourth Amendment to the United States Constitution and Article I, § 5 of the 1974 Louisiana Constitution. It is well settled that a search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330; State v. Tatum, 466 So.2d 29 (La.1985); State v. Ledford, 40,318 (La.App.2d Cir.10/28/05), 914 So.2d 1168.
The purpose of limiting warrantless searches to certain recognized exceptions is to preserve the constitutional safeguards provided by a warrant, while accommodating the necessity of warrantless searches under special circumstances. Donovan v. Dewey, 452 U.S. 594, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the state bears the burden of proving that the search and seizure were justified pursuant to one of the exceptions to the warrant requirement. LSA-C.Cr.P. art. 703(D); State v. Ledford, supra; State v. Johnson, 32,384 (La.App.2d Cir.9/22/99), 748 So.2d 31.
One of the specifically established exceptions to the warrant requirement is a search conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Wilson, 467 So.2d 503 (La.1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Hudnall, 39,723 (La.App.2d Cir.5/11/05), 903 So.2d 605. Oral consent is valid. State v. Hudnall, supra; State v. Crews, 28,153 (La.App.2d Cir.05/08/96), 674 So.2d 1082.
The burden is on the state to prove that the consent was given freely and voluntarily. State v. Crews, supra. Voluntariness is a question of fact to be determined by the trial court under the facts and circumstances of each case. This determination is to be given great weight on appeal because of the trial court's opportunity to observe witnesses and assess credibility. State v. Hudnall, supra; State v. Jennings, 39,543 (La.App.2d Cir.03/02/05), 895 So.2d 767; State v. Paggett, 28,843 (La.App.2d Cir.12/11/96), 684 So.2d 1072.
In the case sub judice, the defendant contends he was subjected to an illegal search which resulted in the seizure of evidence used to convict him of the instant offense. He further contends the consent to search was not freely and voluntarily given, and he did not waive his Miranda rights upon arrest.
Our review of the record in this case reveals that the record supports the trial court's finding that the state met its burden of proving the defendant voluntarily gave valid consent to the initial search. Sgt. Hart testified that he asked the defendant for permission to enter and search his trailer home, and the defendant gave his consent orally and signed a written voluntary consent to search form. The signed consent form was admitted into evidence. Although the defendant denied consenting to the search, we give great weight to the trial court's determination, as the trial court was in the position to *458 observe the witness' demeanor and clearly found Sgt. Hart's testimony to be credible. For the same reasons, we conclude the record supports the trial court's ruling that the defendant was properly Mirandized before making any statement which led to the subsequent search of his computer for information regarding the cultivation of marijuana.
The defendant further contends because there was no search warrant for the floppy disks and no valid exception to the warrant requirement existed, the evidence was inadmissible. He notes that the original search warrant only extended to the computer and failed to mention any floppy disks.
A search warrant should describe with particularity the items to be seized. LSA-Const. of 1974, art. I, § 5; LSA-C.Cr.P. art. 162. The warrant should be tested in a common sense and realistic manner without technical requirements of elaborate specificity. State v. Huffman, 419 So.2d 458 (La.1982); State v. Redditt, 03-0354 (La.App. 5th Cir.10/28/03), 868 So.2d 704, writ denied, XXXX-XXXX (La.4/8/04), 870 So.2d 268; State v. Jackson, 97-1246 (La.App. 5th Cir.4/13/98), 712 So.2d 934, 936, writ denied, 98-1454 (La.10/16/98), 726 So.2d 37. While in the course of executing a search warrant, a police officer may seize items, whether or not they are described in the warrant, which may constitute evidence tending to prove the commission of any offense, and perform all other acts pursuant to his duties. LSA-C.Cr.P. art. 165; State v. Tanner, 534 So.2d 535 (La.App. 5th Cir. 1988); State v. Jackson, supra. It is axiomatic that such a seizure is described in search and seizure terms as being based on the "plain view" doctrine. State v. Jackson, supra; State v. Davis, 96-107 (La.App. 3rd Cir.10/23/96), 684 So.2d 17. See, Maryland v. Garrison, 480 U.S. 79, 85, 107 S.Ct. 1013, 1017, 94 L.Ed.2d 72, 81 (1987) (Those items of evidence that emerge after the warrant is issued have no bearing on whether or not a warrant was validly issued); State v. Redditt, supra.
In State v. Tanner, supra, the warrant authorized the executing officers to search for and seize "a copy of `Cosmos Revelation' software disc, serial #15156 on a floppy disc [sic], and other computer related software and copies of computer printouts bearing the name `First Page Beepers.'" The officers executing the search warrant did not find a software disk of the Cosmos/Revelation program. However, they found instruction manuals for the program. The program software bearing serial number 15156 was found on the computer's hard drive. After making a floppy disk copy of the program, one of the officers seized the manuals, the computer keyboard and terminal, and numerous related documents, such as printout and data sheets bearing the name First Page Beeper Service. The court concluded that the computer, including the hard drive, was subject to seizure, even though not specifically listed in the warrant as an item to be seized. The court stated:
[The officer] did not exceed the common sense scope of the warrant. He would have been remiss in his duty if he did not check the computer hard drive for the Cosmos/Revelation program. Upon performing such a check with a Norton Utilities Program, he found software with the serial No. 15156.
State v. Tanner, 534 So.2d at 537.
LSA-C.Cr.P. art. 165 provides:
While in the course of executing a search warrant, a peace officer may make photographs, lift fingerprints, seize things whether or not described in the warrant that may constitute evidence tending to prove the commission of any offense, and perform all other acts pursuant to his duties.
*459 In this case, during the course of the search conducted pursuant to the defendant's consent, the officers seized the computer along with at least 20 floppy disks. Although the warrant authorizing the search of the computer did not mention the floppy disks, Fargerson extended his search of the computer's hard drive to include the accompanying disks. LSA-C.Cr.P. art. 165 specifically authorizes a police officer to seize items, whether or not they are described in the warrant (such as, in this case, the floppy disks) and to perform all other acts pursuant to his duties. Moreover, we conclude that Fargerson did not exceed the common sense scope of the warrant by checking the floppy disks. Indeed, as noted in State v. Tanner, supra, he would have been remiss in his duties had he not extended his search to include the accompanying floppy disks. The defendant's assignment of error is without merit.

CONCLUSION
For the reasons stated above, we affirm the trial court's denial of the defendant's motion to suppress. The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:81.1 provides, in pertinent part:

A. Pornography involving juveniles is any of the following:
* * *
(3) The intentional possession, sale, distribution, or possession with intent to sell or distribute of any photographs, films, videotapes or other visual reproductions of any sexual performance involving a child under the age of seventeen.
* * *
E. Whoever commits the crime of pornography involving juveniles shall be fined not more than ten thousand dollars and be imprisoned at hard labor for not less than two years or more than ten years, without benefit of parole, probation or suspension of sentence.